## CAPPS v. JOHNSON.

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1913. On Rehearing, Nov. 13, 1913. Rehearing Denied Dec. 4, 1913.)

CONTRACTS (§ 231*)—CONSTRUCTION—DRILLING CONTRACT.

Plaintiff agreed to bore a well for defendant, who was to pay $2 a foot for the first 100 feet, $2.50 for the next 100 feet, and $3 for the third 100 feet, and it was agreed that, if the water was not sufficient to justify pumping for irrigation, then defendant should only pay the sum of $1 a foot, and defendant agreed to promptly test the well with a pump to determine whether it would furnish sufficient water for irrigation. Held, that defendant was bound to pay the maximum amounts provided, unless the test which he agreed to make showed that the well did not furnish sufficient water to justify pumping for irrigation, and to escape liability for such larger amounts, defendant was bound to show by pumping the well that it did not furnish sufficient water for that purpose.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1046, 1047, 1051, 1052; Dec. Dig. § 231.*]

Appeal from Reeves County Court; Ben Palmer, Special Judge.

Action by B. F. Capps against F. W. Johnson. From a judgment for defendant, plaintiff appeals. Reversed and remanded for new trial.

Hefner & Cooke, of Pecos, for appellant. J. A. Buck, of Pecos, for appellee.

HIGGINS, J. Appellant sued to recover the sum of $450, alleged balance due for boring a well, alleging that he had entered into a contract with appellee to bore a well, for which he was to pay the sum of $2 per foot for the first 100 feet, $2.50 per foot for the second 100 feet, and $3 per foot for the third 100 feet; that it was agreed that, if the water in the well was insufficient to support a pump, and to justify the pumping of same for irrigation purposes, then, and in such event, appellee was only to pay the sum of $1 per foot; that appellee agreed to promptly and properly make a test of said well with a pump for the purpose of determining whether or not it furnished sufficient water for irrigation purposes; that the well was drilled to a depth of 300 feet, and delivered to appellee, who paid the sum of $1 per foot, amounting in the aggregate to the sum of $300, and agreed to have the well tested with a pump as above specified. It was further averred that the well was a good and sufficient one to support a pump and justified the pumping of same for irrigation purposes; but that the defendant had failed and refused to test the well, and to pay the balance due of $450.

The issue involved is whether or not the well furnished a sufficient supply of water for irrigation purposes, in which event appellee would have been liable for the total sum of $750, or, Was there an insufficient supply of water for that purpose? in which event he would be liable only for the sum of $300, which he had paid.

The court, in its charge to the jury, submitted the issue noted as to the sufficiency of the water supply, resulting in a finding adverse to appellant, and he here complains of the charge of the court requiring him to show by a preponderance of the evidence that the well was a good and sufficient one, and afforded water sufficient for irrigation purposes, in view of the fact that he had alleged and proven that the contract between the parties provided that appellee should make a test of the well, which he had refused to do. The vital and controlling issue in the case was the sufficiency of the well in the particular noted, and, unless it was so sufficient, appellee would not be liable, and the court properly refused to submit an issue of liability, based upon the failure to make a test. The duty of testing the well was secondary, and the failure to make the test would not have rendered appellee liable in the event the well, as a matter of fact, was insufficient to support a pump and furnish water for irrigation purposes. This disposes of the first three assignments of error.

The charge is not subject to the criticism made in the fourth assignment. It correctly assumes that the burden of proof was upon appellant to prove that the well was sufficient in the particulars noted. The vice in

all of the assignments of error herein consist in the assumption that liability upon appellee's part may be predicated upon his failure to test the well, rather than its sufficiency to support a pump and supply water for irrigation purposes.

Finding no error, the judgment of the lower court is affirmed.

### On Rehearing.

Upon consideration of the motion for rehearing, we have reached the conclusion that we erred in our interpretation of the contract alleged by appellant. Properly construed, the petition alleges an absolute promise and obligation upon the part of appellee to pay $2 per foot for the first 100 feet, $2.50 per foot for the second 100 feet, and $3 per foot for the third 100 feet, or fraction thereof. It imposes an absolute obligation upon the part of appellee to pay the sum specified, unless the test which appellee agreed to make should disclose that the well did not furnish sufficient water to support a pump, and justify pumping of same for irrigation purposes. The burden was therefore upon the appellee to show that the well did not furnish sufficient water.

The allegations in the pleading are supported by evidence, and the charge of the court is erroneous, in that it does not predicate the right of recovery by appellant upon the case made by his pleading and proof. The rehearing is therefore granted, and the cause reversed and remanded for new trial.